UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 24-cv-21376-RUIZ/LOUIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CEREBRAL, INC., *et al.*,

        Defendants.

**JOINT STIPULATION FOR ORDER FOR PERMANENT INJUNCTION
AND OTHER RELIEF AGAINST DEFENDANT ALEX MARTELLI**

Plaintiff, the United States of America, acting upon notification and referral to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief in this matter pursuant to Sections 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and 56(a)(1). It subsequently filed an Amended Complaint and a Second Amended Complaint. The Second Amended Complaint (the "Complaint") seeks relief including a permanent injunction as to Defendant Alex Martelli. Plaintiff and Defendant Martelli stipulate to the entry of this Stipulated Order for Permanent Injunction and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS **ORDERED AND ADJUDGED** as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint alleges that, at the direction of Cerebral, Inc.'s then CEO Kyle Robertson, Defendant Martelli participated in writing and publishing fictitious online reviews, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52. The Complaint alleges, among other things, that these fictitious reviews misled the public about the actual author of the reviews.

3. Defendant Martelli neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Martelli admits the facts necessary to establish jurisdiction.

4. Defendant Martelli waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Defendant Martelli waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendant**" means Alex Martelli.

B. "**Fictitious Review**" means a review of a product, service, or business that purports to be by an author other than the person who authored it; that involves claims, representations, or statements that are untrue, unfounded, or invented; that refers to incidents, experiences, or services that did not in fact take place; or that is published by, and attributed to the account of, a person who is not the real author.

## ORDER

I.   PROHIBITION AGAINST FICTITIOUS REVIEWS

**IT IS ORDERED** that Defendant is permanently restrained and enjoined from writing, creating, purchasing, posting, publishing, or disseminating Fictitious Reviews, whether directly or through an intermediary.

II. **PROHIBITION AGAINST REVIEW MANIPULATION**

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from:

A. writing, creating, purchasing, posting, publishing, or disseminating, or assisting others in writing, creating, purchasing, posting, publishing, or disseminating reviews in which employment by, a tangible connection to, or receipt of a material benefit from the company, service, or product that is subject of the review is not clearly and conspicuously disclosed in the review;

B. attempting to offer, or assisting others in attempting to offer, a quid pro quo, material benefit, or incentive for the author of a negative review to remove or modify that review from a website, platform, or other review venue; or

C. attempting to contest or object to, or assisting others to contest or object to, a review dishonestly or in bad faith in order to try to persuade a third party to remove a review from a website, platform, or other review venue.

III. **PROHIBITION AGAINST VIOLATIONS OF THE FTC'S RULE ON THE USE OF CONSUMER REVIEWS AND TESTIMONIALS (16 C.F.R. PART 465)**

**IT IS FURTHER ORDERED** that Defendant whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or marketing of any product, is permanently restrained and enjoined from violating, or assisting others in violating, the FTC's Rule on the Use of Consumer Reviews and Testimonials (16 C.F.R. Part 465) [Attached].

## IV. PROHIBITION ON MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendant whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or marketing of any product, is permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

    A. The review score, review rating, consumer feedback, consumer reviews, or consumer sentiment regarding a subscription, product, or service; or

    B. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## V. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

    A. Defendant, within 7 days of entry of this Order, must submit to the Commission and Plaintiff an acknowledgment of receipt of this Order sworn under penalty of perjury;

    B. For 5 years after entry of this Order, Defendant, for any business that Defendant is the majority owner or controls directly or indirectly (which does not include mere ownership of shares in a company to the extent the shares do not represent a majority stake in the company) must deliver a copy of this Order to: (1) all principals, officers, directors (meaning members of a board of directors), and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any

business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission and Plaintiff:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

   1. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all businesses that Defendant owns, operates, or controls by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this
   Order, unless previously submitted to the Commission and Plaintiff.

    2. Additionally, Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Defendant must report any change in: (a) any designated point of contact; or (b) any entity that Defendant has any ownership interest in or controls directly or indirectly (which does not include mere ownership of shares in a company to the extent the shares do not represent a majority stake in the company) that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; (b) title or role in individually owning, operating, or controlling a business, and identify the name, physical address, and any Internet address of the business or entity; or (c) Defendant's employer(s), and identify the name, physical address, and any Internet address of the new business or entity employing Defendant.

C.  Any submission to the Commission or Plaintiff required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:" and supplying the date, signatory's full name, title (if applicable), and signature.

D.  Unless otherwise directed by a Commission or Plaintiff representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. Cerebral, Inc. Unless otherwise directed by a Plaintiff representative in writing, all submissions to Plaintiff pursuant to this Order also must be sent by email to Joshua.A.Fowkes@usdoj.gov or Francisco.L.Unger@usdoj.gov or by overnight courier (not the U.S. Postal Service) to: Department of Justice, Consumer Protection Branch, 450 Fifth St NW, Suite 6400-South, Washington, D.C., 20530.

VII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 10 years after entry of the Order and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A.  all records necessary to demonstrate full compliance with each Section of this Order, including all submissions to the Commission or Plaintiff;

B.  for any business that Defendant is a majority owner or controls directly or indirectly:

　　1.  accounting records showing the revenues from all products sold;

    2. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination; and

    3. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

C. a copy of any review that Defendant has personally participated in authoring or posting that relates to services or goods provided by:

    1. a business that has employed him;

    2. a business for which he has provided services as a contractor, consultant, or outside freelance worker; or,

    3. a business from which he has received a benefit or incentive.

### VIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Plaintiff or the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant, although Defendant is entitled to communicate through counsel. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission and Plaintiff may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## IX.   COOPERATION

**IT IS FURTHER ORDERED** that Defendant must fully cooperate with representatives of Plaintiff and the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant must provide truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff or Commission representative may reasonably request upon 10 business days' written notice, or other reasonable notice, at such places and times as a Plaintiff or Commission representative may designate, without the service of a subpoena.

## X.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED: _____                             _____
                                              JUDGE RODOLFO A. RUIZ II
                                              UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF, THE UNITED STATES OF AMERICA:**

By: */s/ Francisco L. Unger*
Francisco L. Unger (A5503216)
Joshua A. Fowkes (A5503218)
Shana C. Priore (A5503157)
Trial Attorneys

Brett A. Shumate, Assistant Attorney General
Jordan C. Campbell, Deputy Assistant Attorney General
Sarmad M. Khojasteh, Senior Counsel, Civil Division
Lisa K. Hsiao, Acting Director, Consumer Protection Branch
Zachary A. Dietert, Assistant Director

**DEPARTMENT OF JUSTICE CIVIL DIVISION**
**CONSUMER PROTECTION BRANCH**
450 5th Street, N.W. Suite 6400-South Washington, D.C. 20044
Telephone: (205) 598-3855 (Unger)
francisco.l.unger@usdoj.gov
joshua.a.fowkes@usdoj.gov
shana.c.priore2@usdoj.gov

Hayden O'Byrne
United States Attorney
Southern District of Florida

Rosaline Chan
Assistant United States Attorney
Fla. Bar No. 1008816
United States Attorney's Office
99 N.E. 4th Street Miami, FL. 33132
Telephone: (305) 961-9335
Rosaline.Chan@usdoj.gov

*Attorneys for Plaintiff the United States of America*

**FOR DEFENDANT ALEX MARTELLI:**

By: /s/ Gerald Greenberg   Date: September 9, 2025
Gerald Greenberg (FBN: 440094)
Chris Sundby (FBN: 1026060)
**GELBER SCHACHTER & GREENBERG, P.A.**
One Southeast Third Avenue, Suite 2600
Miami, FL 33131-1715
Telephone: 305-728-0950
ggreenberg@gsgpa.com
csundby@gsgpa.com

Ellen London (admitted *pro hac vice*)
Rachel Naor (admitted *pro hac vice*)
**LONDON & NAOR P.C.**
1999 Harrison Street, Suite 2010
Oakland, CA 94612
Telephone: 415-862-8485
elondon@londonnaor.com
rnaor@londonnaor.com

*Attorneys for Defendant Alex Martelli*

**DEFENDANT ALEX MARTELLI:**

By: /s/ Alex Martelli   Date: September 9, 2025