**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-21376-RAR-LFL**

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

KYLE ROBERTSON, ZEALTHY, INC.,

    *Defendants.*

_____/

## DEFENDANTS' NOTICE OF HEARING

PLEASE TAKE NOTICE that a discovery hearing will be held before The Honorable Magistrate Judge Lauren F. Louis at C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, 11th Floor, Miami, Florida 33128 on Tuesday, May 19, 2026 at 8:30 a.m.  Defendants Kyle Robertson ("Robertson") and Zealthy Inc. ("Zealthy," and together with Robertson, "Defendants") specifies the following substantive discovery issues that it has been unable to resolve with Plaintiff the United States of America ("Plaintiff" or the "Government").

## BACKGROUND

Two years into this litigation, the Government filed its Third Amended Complaint [ECF No. 220] on April 10, 2026 and two days later it moved for a preliminary injunction seeking appointment of, *inter alia*, an asset freeze and appointment of receiver over Zealthy [ECF No. 223 (the "Injunction Motion")]—essentially an enterprising ending challenge to Zealthy's continued existence.  Defendants' petitioned the Court for, and received, additional time to respond to the

Injunction Motion, including time to take depositions in response to issues substantively raised for the first time in its Third Complaint and Injunction Motion.

By its Injunction Motion, the Government submits that it has all the evidence it needs to establish a likelihood of success on the merits—a motion which it had unlimited time to put together. Yet, this has not stopped the Government from making ceaseless requests for continued discovery relevant to the underlying litigation in the short period during which Defendants are laser focused marshaling the evidence to oppose the Injunction Motion. Specifically, the Government has Noticed the depositions of three key individuals in advance of Defendants' June 11 opposition deadline: Kyle Robertson, Umar Cash (former GC of Zealthy), and Noor Sadiqqi (a lead operations manager). Without the Court's intervention, the Government's attempts to divert Defendants' attention from their efforts to oppose the Injunction Motion are likely to continue unabated. Accordingly, Defendants' move for a (i) a protective order as to the depositions of Mr. Robertson, Mr. Cash and Ms. Sadiqqi, each of which have been noticed to occur prior to Defendants' June 11 opposition deadline; and (ii) an order preventing the Government from noticing further depositions until, at minimum, Defendants have filed their brief in opposition to the Injunction Motion. The Parties have conferred and remain at an impasse on the following issues.

**CURRENT DISCOVERY DISPUTES**

(1)     **Deposition of Umar Cash**

On April 30, 2026, the Government unilaterally noticed the deposition of Umar Cash, former General Counsel to Zealthy, for May 19, 2026. Defendants unsurprisingly object to this deposition on the basis that a vast majority of the testimony will be subject to privilege disputes while the Government maintains that it seeks to inquire with respect to non-privileged topics in a

2

deposition of Mr. Cash.  But not only has the Government failed to identify any such non-privileged topics with specificity, it also cannot establish, as it must, that it would be unable to obtain the non-privileged information it seeks from other third parties.  It is Defendants' position that not only is the proposed deposition therefore premature, but it is also a waste of the Parties' time at present when (i) Defendants are focused on opposing the Injunction Motion and (ii) the vast majority of Mr. Cash's deposition will undoubtedly be bogged down in privilege disputes surely to bring the Parties back before this Court.  There is simply no urgency that necessitates this deposition occurring in advance of Defendants' opposition deadline.

(2)     **Deposition of Kyle Robertson**

On May 1, 2026, the Government then unilaterally noticed the deposition of Mr. Robertson for May 28, 2026.  The Parties again conferred at which time counsel to Mr. Robertson highlighted that preparing Mr. Robertson for a deposition in advance of Defendants' June 11 opposition deadline is simply not be feasible given not only counsel's focus on the Injunction Motion, but more importantly Mr. Robertson's focus on it as well.  Plainly the preparation of Mr. Robertson, a party defendant, will require significant time and attention and attempting to do so in tandem with the opposition will necessarily divert a significant portion of counsel's and Mr. Robertson's resources away from the opposition—which will prejudice Mr. Robertson.  Rather, and in a show of good faith, Defendants offered to set Mr. Robertson's deposition for a time following filing of the opposition brief but before the Government's deadline to reply, which Defendants proactively agreed to extend.  The Government ultimately rejected this offer.

(3)     **Deposition of Noor Sadiqqi**

In short order following Defendants' request for a discovery hearing as to Mr. Robertson's deposition, on May 12, 2026, the Government unilaterally noticed the deposition of Noor Sadiqqi

3

for May 29, 2026.  Ms. Sadiqqi is a key operations lead at Zealthy and will also require significant time to prepare.  Defendants again offered to set Ms. Sadiqqi's deposition for a time after filing of opposition brief and in advance of the Government's reply but this proposal is not satisfactory to the Government.

## CONCLUSION

Without Court intervention, it appears likely that the Government will continue to divert Defendants with discovery requests in the precious two weeks before their June 11 deadline to respond to the Injunction Motion.  Defendants generously offered to schedule two of the depositions the Government seeks—Mr. Robertson and Ms. Sidiqqi—for a date following Defendants' opposition but in advance of the Government's reply, notwithstanding Defendants' upcoming Motion to Dismiss deadline and need to prepare for the preliminary hearing which the Court has indicated will be held in September.  But the Government find this unsatisfactory.

The Government made the strategic decision to file the Injunction Motion two years into this litigation and had all the time it needed to piece that motion together—which spans over 1200 pages of materials.  Defendants have 28 days left to rebut the Government's attempt to effectively shutter Zealthy and should not be forced to fight a two-front war.

*       *       *

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)

Counsel for the movant has conferred with all Parties in a good faith effort to resolve by agreement this discovery dispute, but the Parties have been unable to agree. The Parties conferred on May 1, 2026 regarding Mr. Robertson's deposition and no resolution was reached. After the Defendants moved for protective order on May 6, 2026, the Parties conferred via email on May 6 and 7, 2026 and telephonically on May 8, 2026 as well as on May 14, 2026. The Parties remain at an impasse.

Dated: May 14, 2026                                        Respectfully submitted,

**MARCUS, RASHBAUM,**
**PINEIRO & MEYERS LLP**
2 South Biscayne Boulevard, Suite 2530
Miami, Florida 33131
Telephone: (305) 400-4268

*By: /s/ Michael A. Pineiro*
MICHAEL A. PINEIRO
Florida Bar No. 41897
mpineiro@mnrlawfirm.com
DANIEL L. RASHBAUM
Florida Bar No. 75084
drashbaum@mrpfirm.com

*Attorneys for Defendants Kyle Robertson*

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500

*By: /s/ Benjamin G. Greenberg*
BENJAMIN G. GREENBERG
Florida Bar No. 192732
Email: greenbergb@gtlaw.com
JOHN PATRICK KELLER
Florida Bar No. 1035320
Email: jack.keller@gtlaw.com
fernandezfe@gtlaw.com

*Attorneys for Defendant Zealthy, Inc.*