**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-cv-21376-RAR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ZEALTHY, INC., and
KYLE ROBERTSON,

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendants' *Ore Tenus* Motion for Protective Order postponing the noticed depositions of Defendant Kyle Robertson and non-parties Noor Siddiqi and Umar Cash. The undersigned convened a hearing on the discovery dispute on May 19, 2026.[1] Based upon the argument of counsel at the hearing, being otherwise fully advised in the premises, and as set forth below, Defendants' Motion was **GRANTED, in part**, in open court. This Order memorializes but does not alter the rulings made at the May 19 hearing.

Defendants face impending deadlines to respond to the Government's Motion for Preliminary Injunction, (ECF No. 223), by June 11, 2026, and respond to the Government's Third Amended Complaint, (ECF No. 220), by June 26, 2026. The Government noticed several depositions to be

---

[1] The Government's Motion for Leave to File Response to Defendants' Notice of Hearing, (ECF No. 244), is **DENIED, as moot**. The Government sought leave to file a brief in response to what it argued was an overly argumentative Notice of Hearing filed by Defendants in advance of the May 19 discovery hearing. *See* (ECF No. 243). Although the Government is correct that Defendants' Notice advances argument, in tension with the undersigned's Discovery Practices and Procedures, I find it unnecessary here to exercise my discretion to permit briefing thereupon. In any event, because the Government's Motion incorporates the responsive argument it seeks to levy, the Court was sufficiently informed of both Parties' positions on the noticed disputes in advance of the hearing.

taken during Defendants' period in which to respond to the Government's motion for preliminary injunction. Specifically, the Government has noticed the deposition of Defendant Kyle Robertson for May 28, 2026; the deposition of Ms. Noor Sadiqqi, an operations lead at Zealthy, for May 12, 2026; and the deposition of Mr. Umar Cash, former General Counsel to Zealthy, for May 19, 2026.

Defendants argue that allowing the depositions to go forward on their noticed dates would impose undue burden upon them in the face of significant impending deadlines. They therefore request that the Court issue an Order preventing the depositions from being held until after June 11, their deadline to respond to the Motion for Preliminary Injunction. The Government insists that these depositions go forward as noticed, noting that it sought to notice these depositions for months before the Motion for Preliminary Injunction was filed and seeks to avoid their further delay. At the hearing, attorneys on both sides identified conflicts under the current deposition schedule that are unrelated to the lawsuit itself, such as planned vacation and paternity leave.

The Parties agreed that the deposition of Ms. Siddiqi could be reset for June 12, 2026, following Defendants' deadline to respond to the motion for preliminary injunction. Agreement was further reached that the deposition of Defendant Robertson would be formally re-noticed for either June 25 or 26, 2026. Defendant was ordered to hold both dates open for Defendant's deposition. The Government shall notice the deposition for one of the two dates, by no later than June 11, 2026 and otherwise in compliance with this District's Local Rules. Should the Government determine that it would prefer to notice the deposition for another of the June dates proposed by defense counsel— June 24, 29, or 30—the Government shall so inform defense counsel in advance of noticing the deposition for such date as set forth above.

The Parties' dispute as to Mr. Cash's deposition incorporates broader privilege and burden-based disputes. Mr. Cash served as General Counsel for Defendant Zealthy, which argues that the deposition of Mr. Cash would solicit information protected from disclosure by the attorney-client

privilege. Defendant requested the opportunity to brief its argument that the deposition should not be permitted. The Parties agreed that Defendant would submit a written motion for protective order against the deposition of Mr. Cash by no later than June 9, 2026. Counsel for Mr. Cash shall furnish a privilege log substantiated by evidence in conjunction with its motion. The Government shall respond to the motion by no later than June 16, 2026. The Parties shall further confer in advance of the June 9 filing deadline to narrow, to the extent feasible, the topics noticed for Mr. Cash's deposition.

**DONE AND ORDERED** in open court at Miami, Florida, this 19th day of May, 2026.

_____

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

3