**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-21376-RAR**

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.

KYLE ROBERTSON, ZEALTHY, INC., et al.

     *Defendants.*

_____/

**DEFENDANTS KYLE ROBERTSON AND ZEALTHY INC.'S OPPOSITION**
**TO PLAINTIFF'S REQUEST FOR ADDITIONAL TIMETO FILE ITS REPLY**
**IN FURTHER SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Defendants Kyle Robertson and Zealthy Inc. (together, "Defendants") respectfully submit this response in opposition to Plaintiff's Motion for an Extension of Time to Extend its Deadline to File a Reply in Further Support of its Motion for Preliminary Injunction. [ECF No. 263.] Defendants do not object to a ten-day extension of Plaintiff's deadline to June 26, 2026, but they do object to the additional three weeks requested by the Government just to file a reply brief.

On April 13, 2026, two years into this case and with trial approaching, the Plaintiff filed a Motion for Preliminary Injunction on April 13, 2026 [ECF No. 223 (the "Motion")]. The Motion is essentially case dispositive as it seeks the most draconian relief available—an asset freeze and receivership over Zealthy, a telemedicine company. As shown in the Defendants' response in opposition [ECF No. 262], the Motion is meritless. In prosecuting the Motion, Plaintiff has consistently argued that the Motion needs to be briefed and adjudicated immediately. Indeed, even though Plaintiff's Motion is based on new (and unfounded) allegations and includes over 1,200 pages of materials, Plaintiff opposed *any* extension as to Defendants' response memorandum. *See,*

*e.g.*, Pl. Opp. to Def. Mot. to Extend [ECF No. 229]. Plaintiff further stated that if the Court provided Defendants with additional time for their response it should be no more than ten days and that "Plaintiff does not intend to seek any commensurate extension to Plaintiff's reply deadline and intends to file a reply, if at all, as quickly as practicable. Plaintiff's goal is to ensure as speedy a resolution as possible for Plaintiff's Motion." *Id*. at 9. Plaintiff, thus, either misrepresented its position regarding its reply brief to oppose Defendants' extension request, or it has changed its tune after the Defendants' response demonstrated that the Motion is factually and legally unsupported. Certainly, Plaintiff's arguments regarding the purported urgency and seriousness of the alleged misconduct are undermined by Plaintiff's request for a whole month for a reply brief.

Unlike Plaintiff, however, Defendants do not want to engage in lengthy briefing on an extension and do not oppose a reasonable ten-day extension for Plaintiff's reply brief. But for several reasons the Court should deny Plaintiff's request for a three-week extension on just a reply brief.

*First,* based on the strength of Defendants' response, we respectfully submit that the Court may review the fully briefed motion and summarily deny it without an evidentiary hearing. Given the importance of the Motion to this case and to proper coordination of the pretrial and trial schedule, the Court should see the fully briefed Motion as soon as possible, so that it can make a determination as to whether an evidentiary hearing (which could be lengthy) is necessary and as to how to coordinate the remaining pretrial schedule. The pendency of the baseless Motion has a momentous impact on the administration of this case, and so the Plaintiff should follow through on its promise and submit complete briefing on the motion in expeditious fashion.

*Second*, Plaintiff does not need a full month for a reply brief on a motion that it filed with no time limitations and two years into the case. While Defendants understand the need for a

reasonable extension given the strength of their response in opposition, a full month for a reply brief on the Motion, which Plaintiff previously indicated required "speedy adjudication," is too long.

*Third,* as Defendants conduct further discovery in connection with the Motion and the ultimate merits of the case, they are entitled to see Plaintiff's rebuttals to their opposition as soon as possible, especially in view of upcoming discovery deadlines. *See* Modified Scheduling Order [ECF No. 212.]  This will help ensure that the remaining discovery—particularly the various fact witness depositions that must be taken—is targeted. Defendants are also entitled to see Plaintiff's reply brief as soon as possible so that they can account for that information in selecting merits experts.

*Finally,* the mere pendency of Plaintiff's Motion—which asserts patently unfounded allegations regarding Zealthy's telemedicine practices—is inflicting significant harm on Zealthy's business and the tens of thousands of patients it serves. The false telemedicine allegations and references to receivership are prompting pharmacies and other third parties to sever ties with Zealthy, resulting in delays to, and in some cases the discontinuation of, medically necessary care for Zealthy's patients. Now that Defendants have confronted Plaintiff's allegations head-on and demonstrated them to be unsubstantiated, it is critical that the briefing on the Motion be completed as soon as possible so that the Court can immediately examine the full briefing and dispose of the Motion. Having lodged business-destroying and patient-damaging allegations that are simply untrue, Plaintiff should be required to file a reply brief in short order and to submit the ripe Motion to the Court for adjudication.

In sum, Defendants submit that a 10-day extension for Plaintiff's reply brief is reasonable and appropriate, but that the Court should deny any further extension beyond that.

Date: June 16, 2026

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

By*: /s/Benjamin G. Greenberg*
BENJAMIN G. GREENBERG
Florida Bar No. 192732
JOHN PATRICK KELLER
Florida Bar No. 1035320
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
greenbergb@gtlaw.com
jack.keller@gtlaw.com
fernandezfe@gtlaw.com
*Attorneys for Defendant Zealthy, Inc.*

**MARCUS, RASHBAUM, PINEIRO & MEYERS LLP**

By: */s/ Michael A. Pineiro*
MICHAEL A. PINEIRO
Florida Bar No. 41897
DANIEL L. RASHBAUM
Florida Bar No. 75084
2 South Biscayne Boulevard, Suite 2530
Miami, Florida 33131
Telephone: (305) 400-4268
mpineiro@mnrlawfirm.com
drashbaum@mrpfirm.com

*Attorneys for Defendant Kyle Robertson*